UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD THOMAS,

    Plaintiff,

    v.

JACK HENDRIX, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-752-JD-MGG

OPINION AND ORDER

Leonard Thomas, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Thomas asserts claims relating to his mental health care against forty-three defendants. According to the complaint, Thomas suffers from schizophrenia, anxiety, and antisocial personality disorder and has been deemed seriously mentally ill. In April 2016, Thomas transferred to the New Castle Correctional Facility based on the recommendation of medical staff at the Westville Correctional Facility. Thomas received mental health treatment, including a dialectical behavioral therapy program, at the New Castle Correctional Facility until May 2017, when he was transferred back to the

Westville Correctional Facility. Upon his return, he was subjected to restrictive housing conditions, including twenty-three hour lockdown, and received inadequate mental health treatment, which resulted in a suicide attempt in March 2018.

Thomas asserts that Jack Hendrix, Cara Misetic, Vicki Burdine, Keith Butts, Mark Levenhagen, Eddie Taylor, Michael Osburn, F. Owens, E. Lowe, Elizabeth Shelley, Deanna Dwenger, Mary Heimann, Donalda Griffin, Bradley S. Zachary, Allison C. Bouillon, Scot R. Hancock, A. Smith, Andrea L. Uhl, Dr. Pintel, Dr. Keris, Black, Stevens, Mellander, D. Sterling, Darling, Smith, and K. Cox[1] retaliated against him for filing grievances and lawsuits by removing him from the therapy program and by transferring him to the Westville Correctional Facility in May 2017. He specifically alleges that Dr. Pintel, Dr. Keris, Mary Heimann and Elizabeth Shelley informed him that he was being transferred due to his grievances and the two lawsuits he filed against individuals working at the Pendleton Correctional Facility and the Westville Correctional Facility related to his medical care, which he litigated from April 2012 to September 2017. *Thomas v. Wolfe*, 1:12-cv-443 (S.D. Ind. filed April 4, 2012); *Thomas v. Levine*; 2:15-cv-399 (S.D. Ind. filed December 12, 2015).

"To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the

---

[1] According to the complaint, these defendants worked at the New Castle Correctional Facility, with the exception of Hendrix, Misetic, Burdine, Levenhagen, and Dr. Taylor, who worked in Indianapolis.

First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The complaint states a plausible claim of First Amendment retaliation against these defendants.

Thomas asserts that the aforementioned defendants also acted with deliberate indifference to his serious medical needs by removing him from the therapy program and transferring him to a prison with harsher conditions. He further alleges that Mark Sevier, Andrew Pazera, Patrick Krueger, John Salyer, Jerome Taylor, Zhenay T. S. Newhouse, Nicole Swinford, Dr. Barbara Eichmann, Dr. M. Wala, Susan Downing, Michelle Boren, Faenza, Keeten, Athen, and Ryan Hicks[2] also violated his right to adequate medical care. He explains that these defendants knew of his mental condition, his transfer from a special needs unit, and his multiple written requests for assistance at Westville but that they did nothing to protect him from his mental condition.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

---

[2] According to the complaint, these defendants worked at the Westville Correctional Facility.

attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The complaint states a plausible Eighth Amendment claim of deliberate indifference.

Thomas further alleges that his right to procedural due process was violated when he was transferred to the Westville Correctional Facility. To state a procedural due process violation, a plaintiff must allege the deprivation of a liberty or property interest arising from the Due Process Clause or created by state law. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," but a state-created liberty interest may arise if a housing assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). Though the complaint suggests that Thomas preferred the New Castle Correctional Facility, it does not describe how the conditions at the Westville Correctional Facility were unusual when compared to ordinary prison life. Therefore, Thomas may not proceed on a procedural due process claim.

Additionally, Thomas asserts claims against GEO Group, Inc., in relation to his medical care at the New Castle Correctional Facility. A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379

4

(7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Because Thomas does not allege that a policy or custom was the moving force behind his inadequate medical treatment, he does not state a claim against GEO Group, Inc.

As a final matter, because Thomas proceeds without in forma pauperis status, the defendants will not be served for free pursuant to 28 U.S.C. § 1915(d). Rather, Thomas is responsible for serving the defendants with a copy of this order and the complaint as required by Federal Rule of Civil Procedure 4.[3] If he would like to have the United States Marshals Service serve the defendants by certified mail, he must send the summons with sufficient copies of this order and the complaint with a properly completed USM-285 and a check for $378.84 ($9.02 per defendant) to: United States Marshals Service, Room 233, 204 South Main Street, South Bend, IN 46601.

For these reasons, the court:

---

[3] To the extent Rule 4 requires service of the exhibits attached to the complaint, the court excuses Thomas from this obligation.

5

(1) GRANTS Leonard Thomas leave to proceed on a claim of First Amendment retaliation against Jack Hendrix, Cara Misetic, Vicki E. Burdine, Keith Butts, Mark Levenhagen, Eddie Taylor, Michael Osburn, F. Owens, E. Lowe, Elizabeth Shelley, Deanna Dwenger, Mary K. Heimann, Donalda Griffin, Bradley S. Zachary, Allison C. Bouillon, Scot R. Hancock, A. Smith, Andrea L. Uhl, Dr. Pintel, Dr. Keris, Black, Stevens, Mellander, D. Sterling, Darling, Smith, and K. Cox for removing him from a therapy program and transferring him in May 2017;

(2) GRANTS Leonard Thomas leave to proceed on an Eighth Amendment claim of deliberate indifference to serious medical needs against Jack Hendrix, Cara Misetic, Vicki E. Burdine, Keith Butts, Mark Levenhagen, Eddie Taylor, Michael Osburn, F. Owens, E. Lowe, Elizabeth Shelley, Deanna Dwenger, Mary K. Heimann, Donalda Griffin, Bradley S. Zachary, Allison C. Bouillon, Scot R. Hancock, A. Smith, Andrea L. Uhl, Dr. Pintel, Dr. Keris, Black, Stevens, Mellander, D. Sterling, Darling, Smith, and K. Cox for removing him from a therapy program and transferring him in May 2017;

(3) GRANTS Leonard Thomas leave to proceed on an Eighth Amendment claim of deliberate indifference to serious medical needs against Mark Sevier, Andrew Pazera, Patrick Krueger, John Salyer, Jerome Taylor, Zhenay T. S. Newhouse, Nicole Swinford, Dr. Barbara Eichmann, Dr. M. Wala, Susan Downing, Michelle Boren, Faenza, Keeten, Athen, and Ryan Hicks for failing to take measures to prevent Thomas from attempting suicide in March 2018;

(4) DISMISSES GEO Group, Inc.;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to sign and seal the summons and send them to Leonard Thomas with forty-two blank USM-285 forms and a copy of the complaint without exhibits (ECF 1); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Leonard Thomas has been granted leave to proceed in this screening order.

SO ORDERED on October 26, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT